**SMITH MARCINO BOWMAN**
BY: Andrew M. Smith, Esquire
208 N. Easton Rd.
Willow Grove, PA 19090
(215) 784-1777
Asmith@SMBlawyers.com
**COUNSEL FOR PLAINTIFF**

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IRWIN GELTZER | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO.:** 09-3289 |
| | : | |
| VIRTUA WEST JERSEY HEATLH | : | |
| SYSTEMS, d/b/a Virtua Hospital | : | |
| Defendant. | : | **JURY TRIAL DEMANDED** |

---

## COMPLAINT

## INTRODUCTION

Plaintiff Irwin Geltzer, initiates this lawsuit against his former employer, Virtua West

Jersey Health Systems (hereinafter "Virtua").  While employed by Virtua as a nuclear medicine

technologist, Mr. Geltzer was discriminated against and subject to a hostile work environment

because of his age and when Mr. Geltzer complained about his treatment and his discrimination

based on his age, Defendant retaliated against him in violation of the Age Discrimination in

Employment Act, 29 U.S.C. §621, *et seq* ("ADEA") and the New Jersey Law Against

Discrimination, as amended N.J.S.A 10:5-1, *et seq* (NJLAD).  Mr. Geltzer now seeks damages,

including compensatory, liquidated and punitive damages and all other relief this Court deems

appropriate.

## PARTIES TO THE ACTION

1.      Plaintiff, Irwin Geltzer, is a citizen of the State of New Jersey with his residence located at 4 Downing Lane, Voorhees, New Jersey.

2.      Defendant, Virtua West Jersey Health Systems (hereinafter "Virtua" or "Company") is upon information and belief a duly licensed corporation with a principal place of business located at, *inter alia*, 20 W. Stow Road, Suite 8, Marlton, New Jersey.

3.      Defendant Virtua is an "employer" within the meaning of 29 U.S.C. §621 *et seq*. and all other statutes forming the basis for this action.

4.      At all times material hereto, Defendant had in excess of one hundred (100) employees.

5.      At all times relevant to this Complaint Plaintiff, Irwin Geltzer was employed by Defendant, Virtua at Defendant's hospitals located in Marlton and Voorhees, New Jersey.

6.      Plaintiff was sixty-four (64) years old when he first suffered adverse employment actions.

7.      Plaintiff was sixty-five (65) years old at the time of his termination.

## JURISDICTION AND VENUE

8.      Plaintiff Irwin Geltzer brings this civil action against Defendant for violations of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq*. thereby giving this Court original jurisdiction over this matter under the U.S. Constitution and the laws of the United States. 28 U.S.C. §1331.

9.      This Court has pendent jurisdiction over Plaintiff's state law claims for discrimination under the New Jersey Law Against Discrimination. 28 USC § 1367.

10.     Venue in this District is proper under 28 U.S.C. §1391 (b)(2) in that Defendant transacts business within Camden and Burlington Counties in the State of New Jersey. Furthermore, the unlawful acts and practices of Defendant were committed by, and/or upon the direction, and with the knowledge

of Defendant's agents, within the State of New Jersey.

11.     Plaintiff has complied with all the jurisdictional prerequisites and the amount in controversy exceeds $150,000.00, exclusive of interest and costs.

12.     On or about April 30, 2008 Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC), bearing charge number 530-2008-02978, complaining of the acts of discrimination and retaliation alleged herein. Plaintiff's charge was cross-filed with the New Jersey Division on Civil Rights.

13.     On May 18, 2009 the EEOC issued Plaintiff a notice that it was closing its investigation and issuing him a Right to Sue. Attached hereto as <u>Exhibit A</u> is a true and correct copy of that notice.

14.     Plaintiff has fully complied with the administrative prerequisites for the commencement of this action against Defendant.

## FACTUAL BACKGROUND

15.     Plaintiff, Irwin Geltzer was hired by Defendant Virtua in 2003 as a nuclear medicine technologist. Throughout his employment with Defendant, Plaintiff conducted himself in a workman like manner and performed his duties to the highest level of his abilities. And at all times material hereto he was qualified and meeting the legitimate expectations of Defendant Virtua.

16.     Plaintiff was paid as a per diem employee working on call for Defendant at its local area hospitals.

16.     In or around late August early September 2007 a full-time position opened up in Plaintiff's department and he applied for the position. At that time, his direct supervisor, Debra Grigioni stated "you're getting older, you do not want to work full-time." Plaintiff applied forth position despite his supervisor's age-related comment.

17.     Following the remark about his age, Plaintiff was denied the full-time position and

instead the job was offered to a much younger, less senior technician under the age of forty (40). At that time, Plaintiff was sixty-four (64) and the oldest nuclear technician working in his Department.

18.     Plaintiff was then told by his supervisor, Debra Grigioni that the Department was "heading in a different direction" and Plaintinff understood that to mean the Department wanted to get younger.

19.     Then in late October early November 2007 a second full-time position opened in Defendant's Nuclear Medicine Department. Plaintiff again applied for the position and was once again denied the job. At that time, Plaintiff had just turned sixty-five(65) and remained the oldest most senior nuclear technician in his Department. The position was again given to a much younger, less senior technician who was under the age of forty (40).

20.     Defendant's filling of the full time position with a much younger, less senior technician than Plaintiff, was consistent with Ms. Grigioni's comment that the Department was "heading in a different direction" and which Plaintiff understood to mean the Department wanted to get younger.

21.     Almost immediately after Plaintiff's second job denial, he inquired as to why he was denied the positions. Plaintiff interviewers advised him he was the most qualified and most experienced and he interviewed the best of the applicants but the decision was made by his supervisor Debra Grigioni, the same individual who made the age related comments to Plaintiff.

22.     Thereafter, Defendant by and through the actions of its supervisor Debra Grigioni, engaged in retaliatory acts by constantly investigating and scrutinizing Plaintiff's work and time sheets.

23.     Plaintiff received a written termination letter, dated March 18, 2007 from Debra Grigioni discharging him for allegedly reporting to work without being "called in."

24.     Plaintiff had in fact been "called-in" by the nurse's station and he immediately grieved his termination and contemporaneously raised the issue of his denial of the full-time job positions.

25.     Plaintiff's age was a motivating and/or determining factor in Defendant's discriminatory treatment of Plaintiff and in the creation of a hostile work environment based on Plaintiff's age.

26.     Plaintiff's complaints about his discriminatory treatment because of his age were motivating and/or determinative factors in Defendant's discriminatory and retaliatory treatment and discharge of Plaintiff by Defendant.

27.     Defendant failed to prevent or address discrimination and retaliatory conduct in the workplace and further failed to take corrective and remedial measures to make the workplace free of discrimination and retaliation.

28.     Defendant failed to investigate and review Plaintiff's claims of age discrimination and retaliation by his supervisor.

29.     As a direct and proximate result of Defendant's discriminatory and retaliatory acts and practices and the environment to which Plaintiff was subjected, Plaintiff has incurred past and future lost earnings, lost earning capacity, lost benefits, embarrassment, professional humiliation, loss of self esteem, mental anguish and loss of life's pleasures, all of which may continue into the future and the full extent of which is not known at this time.

30.     Defendant's conduct was extreme and outrageous under the circumstances, was done with the actual or implied knowledge or upper management and warrants the imposition of punitive damages.

31.     Defendant's discriminatory acts, practices and comments were willful and intentional.

### COUNT I

32.     Paragraphs 1 through 31 are incorporated herein by reference.

33.     The age discrimination acts, practices and comments of Defendant Virtua, through the actions of its supervisors, workers, agents, employees and servants is in direct violation of Local, State

and Federal employment laws, which prohibit such discrimination.

34.    The acts, failures to act, practices, and policies of Defendant set forth above constitute age discrimination of Plaintiff in violation of Age Discrimination in Employment Act (A.D.E.A.) more specifically 29 U.S.C. § 623(a).

35.    As a direct and proximate result of defendants' actions and behavior, Plaintiff has suffered severe personal injuries, great economic harm and other losses set forth in this Complaint.

36.    Plaintiff has devoted a portion of his work life to the employment of Defendant Virtua and he has suffered economic loss, in that the age discrimination seriously hindered his ability to advance and achieve a full-time position with Defendant and income security for the remaining years of his work-life.

37.    Defendant's violations were willful and warrant the award of punitive damages.

38.    Plaintiff has suffer other irreparable injuries in that his termination came toward the end of his work life and placed a black mark on his work history all of which prevented Plaintiff from obtaining a position and wages commensurate with his experience, skill and reputation.

## COUNT II

39.    Paragraphs 1 through 38 are incorporated herein by reference.

40.    The acts, failure to act, practices and policies of Defendant set forth above constitute retaliation and therefore the wrongful discharge of plaintiff in violation of the A.D.E.A 29 U.S.C. §621 *et seq.* and the New Jersey Law Against Discrimination.

## COUNT III

41.    Paragraphs 1 through 40 are incorporated herein by reference.

42.    The acts, failure to act, practices and policies of Defendant set forth above constitute intentional discrimination on the basis of plaintiff's age in violation of A.D.E.A 29 U.S.C. §621 *et seq.*

and the New Jersey Law Against Discrimination.

## COUNT IV

43.     Paragraphs 1 through 42 are incorporated herein by reference.

44.     The acts, failure to act, practices and policies of Defendant set forth above constitute willful discrimination with respect to Plaintiff's salary increases, bonuses, promotion and/or permanent positions in violation of the A.D.E.A. 29 U.S.C. §621 *et seq.* and the New Jersey Law Against Discrimination.

## RELIEF FOR COUNTS I-IV

WHEREFORE, on each of the above claims, Plaintiff respectfully requests that this Court grant judgment in his favor against Defendant and award him relief including but not limited to the following:

1.      Injunctive relief directing Defendant to rehire Plaintiff immediately into a full-time position with full pay, status and privileges accompanying the position;

2.      Injunctive relief directing Defendant upon Plaintiff's rehiring to cease and desist from all age discrimination against Plaintiff;

3.      Back pay and all other benefits, prerequisites and other compensation for employment which Plaintiff would have received had he received the full-time positions and/or not been terminated;

4.      Liquidated damages under the Age Discrimination in Employment Act

5.      Front pay in the event that it is determined that rehire is impossible or inappropriate;

6.      Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

7.      Declaratory relief declaring the acts and practices of Defendant to be in violation of the statutes cited above;

8.      Reasonable attorney's fees plus costs;

9.      Compensatory damages;

10.     Punitive damages; and

11.     Such other relief as this Court shall deem appropriate.

## COUNT V

45.     Paragraphs 1 through 44 are incorporated herein by reference.

46.     Defendant Virtua by the foregoing discriminatory acts, practices, policies and failure to act has violated the New Jersey Law Against Discrimination.

47.     Defendant violations of NJLAD were knowing, intentional and willful and warrant the imposition of punitive damages.

48.     Defendant's supervisors and upper management created, participated and/or facilitate the discrimination and hostile environment that Plaintiff was subjected to.

49.     As a direct and proximate result of Defendant's violations of the NJLAD, Plaintiff has suffered and will continue to suffer economic and personal injuries, damages and other losses set forth herein.

50.     Plaintiff has and continues to suffer irreparable injuries and monetary damages unless the Court grants the relief requested herein.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory, liquidated, and/or punitive damages, attorney's fees, costs of suit, injunctive relief and/or any other relief this Court deems appropriate.

Respectfully submitted,

Dated: 7/6/09

BY:

Andrew M. Smith, Esquire
Counsel for Plaintiff